IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| v. | ) Criminal No. 16-141 |
| | ) |
| David Charles Smith, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.      Introduction**

Pending before the court is a motion for early termination of supervised release filed by counsel for defendant David Charles Smith ("Smith") (ECF No. 105). Smith filed a supplement (ECF No. 109) because the initial motion erroneously stated that the government did not oppose it. Smith argues that he is entitled to early termination of his term of supervised release because he has complied with his conditions of supervision, obtained a good job, started a family and paid his restitution obligation. The government filed a response in opposition to the motion (ECF No. 115) and it is ripe for decision.

The court notes that Smith's supervision is scheduled to expired on June 4, 2023 (less than 2 months from now). Smith did not provide any evidence that the conditions of supervision cause him undue hardship, or that those conditions cannot be modified. For the reasons set forth in this opinion, including the court's consideration of the factors set forth in 18 U.S.C. § 3553(a) and the interest of justice, Smith's motion for early termination of supervised release will be denied without prejudice.

## II. Procedural History

On December 4, 2017, Smith pleaded guilty to wire fraud, pursuant to a Rule 11(c)(1)(C) plea agreement. The charge arose from a sophisticated Ponzi scheme involving luxury cars. On November 10, 2018, the court accepted the parties' binding plea agreement and sentenced Smith to a term of imprisonment of 18 months, to be followed by 3 years of supervised release. The term of imprisonment reflected a downward variance from the advisory guideline range of 21-27 months. Smith was ordered to pay $339,000 in restitution ($69,000 of which remained unpaid at the time of the Judgment). (ECF No. 99).

Smith reports that he is in full compliance with his conditions of release. He works full-time, is married and has a two-year-old child. He paid his restitution obligation in full. Smith argues, without any supporting evidence, that he suffers financially "because of his inability to accept out-of-state assignments, requiring frequent relocation, which often arises at the last moment preventing an application to this Court for a modification of his supervision." (ECF No. 105 at 2). Smith did not provide any details about the nature or frequency of the assignments or about his efforts to obtain approval from the court or probation officer. The docket reflects that Smith did not file a motion with the court seeking modification of his conditions of supervision.

## III. Discussion

### A. Applicable Law

A district court has the discretion to grant the early termination of a defendant's

term of supervised release[1] under 18 U.S.C. § 3583(e). <u>United States v. Melvin</u>, 978 F.3d 49, 52 (3d Cir. 2020). Pursuant to § 3583(e):

> [t]he court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—
>
> > (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1). As specified in § 3583(e)(1), in exercising its discretion, the district court must consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1);

- the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, § 3553(a)(2)(B)-(D);

- the sentencing range established by the Sentencing Commission, § 3553(a)(4);

- any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5);

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6); and

- the need to provide restitution to any victims of the offense, § 3553(a)(7).

---

[1] Supervised release "serves an entirely different purpose than the sentence imposed under § 3553(a)." <u>Pepper v. United States</u>, 562 U.S. 476, 502 n. 15 (2011). It "fulfills rehabilitative ends, distinct from those served by incarceration." <u>United States v. Johnson</u>, 529 U.S. 53, 59 (2000).

3

"After considering these factors, the court may provide relief only if it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Melvin, 978 F.3d at 52. District courts need not make specific findings of fact with respect to each § 3553(a) factor; it is sufficient for the court to state that it considered the statutory factors.  Id. at 52-53.

The Third Circuit Court of Appeals has clarified that the *general rule* is that early termination of a term of supervised release under § 3583(e)(1) "will be proper 'only when the sentencing judge is satisfied that new or unforeseen circumstances' warrant it." Id. at 53 (quoting United States v. Davies, 746 F. App'x 86, 89 (3d Cir. 2018), cert. denied, 139 S. Ct. 1275, 203 L. Ed. 2d 280 (2019)). The court of appeals in Melvin explained:

> That is because, if a sentence was "sufficient, but not greater than necessary" when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release.

Id. The court of appeals, however, "disavow[ed] any suggestion that new or unforeseen circumstances *must* be shown." Id. (emphasis added).[2] In other words, "a district court need not find that an exceptional, extraordinary, new, or unforeseen circumstance warrants early termination of a term of supervised release before granting a motion under 18 U.S.C. § 3583(e)(1)." Id. The district court must be "satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." Id.

---

[2]    The court of appeals explained that the language in United States v. Laine, 404 F. App'x 571, 573-74 (3d Cir. 2010), that "early termination of supervised release under section 3583(e) should occur only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," is not based upon the statute and is not binding precedent.  Melvin, 978 F.3d at 53.

(quoting 18 U.S.C. § 3583(e)(1)).

The court will consider the pertinent factors set forth in § 3553(a) as instructed in § 3583(e)(1) to determine whether early termination of Smith's term of supervised release is warranted by his conduct and is in the interest of justice.

### B. Section 3553(a) Factors

#### 1. The nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1)

Smith's offense of conviction (a sophisticated fraud scheme) was serious. Smith engaged in a previous sophisticated fraud scheme from 1999-2001. (See Presentence Report ¶ 25, ECF No. 65). Based upon the representations by Smith in his motion, he has done very well in his community while on supervised release. Smith did not provide evidence of any particular hardships caused by the terms of his supervised release or of any efforts he undertook to seek accommodation of his individual circumstances. Smith's personal belief that supervised release is no longer necessary is contrary to the government's assessment. Despite the laudable progress Smith has made since his release from imprisonment, a 3-year term of supervised release remains the appropriate sentence in this case, particularly in light of his history of fraud.

#### 2. The need for the sentence imposed to afford adequate deterrence to criminal conduct and protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, §§ 3553(a)(2)(B)-(D)

Smith entered into a Rule 11(c)(1)(C) plea agreement, in which he agreed that a 3-year term of supervised release was appropriate. As part of that agreement, Smith's prison term was shortened. In light of the serious nature of Smith's criminal conduct, a

reduction in the term of supervised release would not adequately deter criminal conduct. In other words, a 3-year term of supervised release is still warranted to deter criminal conduct and protect the public.

### 3. The sentencing range established by the Sentencing Commission, § 3553(a)(4)

As noted above, the court accepted the parties' binding plea agreement and granted a downward variance in Smith's term of imprisonment, in part because the agreement imposed a term of supervised release of 3 years. This factor does not favor early termination of Smith's supervision.

### 4. Any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5).

No pertinent policy statements were raised by the parties with respect to this matter.

### 5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, § 3553(a)(6).

This factor does not favor early termination of supervision.

### 6. The need to provide restitution to any victims of the offense, § 3553(a)(7).

The court recognizes that Smith completed his restitution obligation. This factor weighs in favor of Smith to the extent supervised release is not necessary to ensure his continued compliance with this condition. On other hand, as the government points out, Smith was required to pay restitution and made the final payment only three days before filing his motion for early termination.

### C. Whether early termination is warranted and in the interest of justice

Smith asserts that since his release from incarceration he is succeeding economically and in the community and has remained crime free. Compliance with the conditions of supervision is *required* behavior while serving a term of supervised release. The fact of Smith's compliance with the conditions of supervision may very well mean that supervision is serving its deterrent and rehabilitative purposes and continuation of it to full term will achieve its desired effects on the supervised individual and community.

Smith's conduct while on supervision is commendable, but, considering the foregoing § 3553(a) analysis, especially the serious nature of his crime and the need to deter criminal conduct, the interests of justice are best served by Smith completing the remaining weeks on his 3-year-term of supervised release.

Smith did not articulate any specific hardship posed by his current conditions of supervision. If revisions of his conditions become necessary, for instance to accommodate out-of-state work trips, the court encourages Smith to communicate with his probation officer to resolve that issue. Termination of supervision is not warranted on this record.

### IV. Conclusion

Based upon the foregoing, the court will deny the motion for early termination of supervised release (ECF No. 105) without prejudice. In the event Smith is unable to obtain an appropriate modification of his conditions and needs an accommodation prior to the expiration of his supervision, he may file a new motion for early termination of supervised release, with appropriate documentation.

An appropriate order follows.

BY THE COURT:

Dated: April 18, 2023

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Senior United States District Judge